UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARNELL JORDAN,

                Petitioner,

-against-

W. PHILLIPS,

                Respondent.
----------------------------------------------------------x

**OPINION AND ORDER**

05-CV-4479 (SJF)

FEUERSTEIN, J.

Petitioner *pro se* Darnell Jordan ("petitioner" or "Jordan") commenced this proceeding pursuant to 28 U.S.C. § 2254 ("§ 2254") for a writ of habeas corpus. Respondent has moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1). For the reasons set forth below, respondent's motion to dismiss is granted.

I.    Background

Following a jury trial in New York State Supreme Court, Nassau County, petitioner was convicted on December 2, 1994 of two (2) counts of Murder in the Second Degree, three (3) counts of Attempted Robbery in the First Degree and Criminal Possession of a Weapon in the Second Degree. He was sentenced on June 28, 1994 to twenty-five (25) years to life. (Habeas Corpus Petition, filed Sept. 13, 2005 ["Petition"]). Petitioner appealed his conviction, which was affirmed on September 23, 1996 by the New York State Appellate Division, Second Department. People v. Jordan, 231 A.D.2d 646, 647 N.Y.S.2d 966 (2d Dep't 1996). Petitioner then sought leave to appeal to the New York State Court of Appeals, which denied his application on May 12, 1997. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

(Petition at 3).

Eight years after his judgment of conviction became final, petitioner filed a petition for a writ of error *coram nobis*, claiming that his appellate counsel was ineffective for failing to argue that the suppression court did not properly set forth its findings of fact and conclusions of law as required by New York Criminal Procedure Law, Section 710.60. (Petition at 4). On December 6, 2004, the Appellate Division denied petitioner's application. (See Petition at attached page).

The instant petition, dated September 8, 2005, was received by the United States District Court for the Eastern District of New York on September 13, 2005.

II. Discussion

    A.    Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. §2244(d)(1). AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year period under AEDPA is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

B. Application

Petitioner's application for habeas corpus relief pursuant to § 2254 is time-barred. Since petitioner did not seek a writ of certiorari from the United States Supreme Court, petitioner's judgment of conviction became final on August 11, 1997, ninety (90) days after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001). If 28 U.S.C. § 2244(d)(1)(B)-(D) is inapplicable to this case, August 11, 1998 was the last date petitioner could timely file his petition. Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000) (*per curiam*), cert. denied, 531 U.S. 840 (2000).

The current petition was filed more than seven (7) years later. Petitioner's 2004 petition to the state court for a writ of error *coram nobis* does not serve to restart his already expired time to file his petition. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000). AEDPA's statute of limitations may be equitably tolled. Smith, 208 F.3d at 17. "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States,

338 F.3d 145, 152-53 (2d Cir. 2003), <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000). Petitioner has not filed a reply to the State's answer alleging untimeliness. He thus offers no excuse for the delay in filing his petition. <u>See</u> <u>Bellamy v. Fischer</u>, 05 Civ. 2840, 2006 U.S. Dist. LEXIS 50157 (S.D.N.Y. July 24, 2006).

III. Conclusion

The instant petition is dismissed as time-barred. As Jordan has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: Brooklyn, New York
       December 26, 2006

Copies To:

Darnell Jordan
95-A-0548
Greenhaven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Margaret E. Mainusch
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501

4